IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN KUSLITS,

                    Plaintiff,

    v.

J. ACHTERBERG, G. STEINKE,
SGT. ANDERSON and SGT. TEMSKI,

                    Defendants.

OPINION AND ORDER

16-cv-239-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se prisoner John Kuslits brought this lawsuit under 42 U.S.C. § 1983 against four officials at the Stanley Correctional Institution, claiming that deficient cleaning practices and unsanitary conditions in the segregation unit caused him to become ill and to suffer serious medical harm. Plaintiff was allowed to proceed on his claim that defendants J. Achterberg, G. Steinke, Sgt. Anderson and Sgt. Temski violated his Eighth Amendment rights by failing to maintain adequate prison conditions, so far as he was seeking declaratory relief but he was denied leave to proceed on any claim for damages. Dkt. #3, at 9-11.

Before the court are defendants' unopposed motions for summary judgment and judgment on the pleadings. Dkts. ##18 and 19. Because the undisputed facts show that plaintiff failed to exhaust his administrative remedies before filing this action, I will grant defendants' motion for summary judgment and deny as moot their motion for judgment on the pleadings.

1

OPINION

Defendants are seeking judgment as a matter of law on two separate grounds. First, they move for summary judgment, contending that plaintiff failed to exhaust his administrative remedies before filing this suit, as he is required to do under 42 U.S.C. § 1997e. Dkt. #18. Second, they move for judgment on the pleadings, contending that plaintiff's claims against defendants acting in their official capacities are barred by the Eleventh Amendment to the United States Constitution. Dkt. #19. Defendants supported both motions with a single brief and the declaration of a Department of Corrections Complaint Examiner, Welcome Rose. Dkts. ##20 and 21.

Plaintiff did not file a response to either motion. After the deadline for doing so had expired, defendants' counsel and Assistant Attorney General Rachel L. Bachhuber submitted evidence to the court that plaintiff had earlier agreed to dismiss the case voluntarily and had even drafted a motion for voluntary dismissal that he sent to her office, but never filed with this court. Dkt. #23. The assistant attorney general now asks the court to dismiss the case on that basis. It appears that plaintiff tried to dismiss his case voluntarily to avoid having a Prison Litigation Reform Act "strike" assessed against him for purposes of 28 U.S.C. § 1915(g). Dkt. #23-1. However, plaintiff never filed a motion for voluntary dismissal with the court. Without a motion to rule on and with evidence submitted solely by the assistant attorney general, I am reluctant to enter a sua sponte dismissal of petitioner's case. Instead, I will consider the motions that were properly filed and are now pending.

Defendants' evidence in support of their motion for summary judgment is compelling

and, in these circumstances, conclusive. The declaration of complaint examiner Welcome Rose provides strong evidence that plaintiff failed to properly exhaust his administrative remedies. Dkt. #21. In particular, this evidence shows that plaintiff filed one grievance about the conditions in segregation, but the grievance was rejected as untimely because it was filed approximately five months after plaintiff was released from segregation back into the general population, long past the two-week deadline established by the prison's administrative grievance procedure. Id. ¶¶ 5-14. Because plaintiff did not dispute these facts, I will consider them undisputed for purposes of summary judgment. Dkt. #10, at 13-15 (pretrial conference order describing summary judgment process).

"There is no question that exhaustion is mandatory under the [Prison Litigation Reform Act] and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). Exhaustion requires the plaintiff to pursue his administrative remedy procedures properly. "[F]iling an untimely or otherwise procedurally defective administrative grievance" may be grounds for dismissal for failure to properly exhaust. Woodford v. Ngo, 548 U.S. 81, 83-84 (2006); see also Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require. Pozo filed a timely and sufficient complaint but did not file a timely appeal. He therefore failed to exhaust his administrative remedies, and his federal suit must be dismissed.").

Because it is undisputed that plaintiff's grievance was untimely and that plaintiff failed to follow the applicable prison rules and procedures, I find that plaintiff failed to

3

properly exhaust his administrative remedies. (Again, plaintiff does not disagree, dkt. #23-1.) Accordingly, I will grant defendants' motion for summary judgment and dismiss plaintiff's claim. The dismissal will be without prejudice and plaintiff will not incur a "strike" under 28 U.S.C. § 1915(g). Turley v. Gaetz, 625 F.3d 1005, 1013 (7th Cir. 2010) ("The dismissal of an action for failure to exhaust . . . does not incur a strike."); Williams v. Tobiasz, No. 13-cv-411-bbc, 2013 WL 3929985, at *3 (W.D. Wis. July 29, 2013).

Because I am entering summary judgment in favor of defendants, I need not address their motion for judgment on the pleadings, which I will deny as moot.

ORDER

IT IS ORDERED that

1. Defendants J. Achterberg, G. Steinke, Sgt. Anderson and Sgt. Temski's motion for summary judgment for failure to exhaust administrative remedies, dkt. #18, is GRANTED. Plaintiff John Kuslits's claim for a declaratory judgment that defendants violated his Eighth Amendment rights by depriving him of basic safety, sanitation or medical care is DISMISSED without prejudice and without assessing a strike under 28 U.S.C. § 1915(g).

2. Defendants' motion for judgement on the pleadings, dkt. #19, is DENIED as moot.

3. The clerk of court is directed to enter judgment in favor of defendants and to close

this case.

Entered this 7th day of June, 2017.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge